IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-306-CR




EX PARTE: RONALD PHIPPS,



 APPELLANT



 



FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 20,935, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING


 





PER CURIAM



 This is an appeal from an order of the district court, made following a hearing on
appellant's writ of habeas corpus, remanding appellant for extradition to Kentucky. Tex. R. App.
P. 44. The supporting documents reflect that appellant is wanted in Kentucky to answer to an
alleged parole violation.

 In his first point of error, appellant urges that there is a fatal variance in the papers
supporting the governor's warrant. Appellant refers to an affidavit from the chairperson of the
Kentucky Parole Board, which states that appellant "has violated the terms and conditions of
parole in the following instance, to wit: See attached certified copies of California Judgments." 
The attached documents reflect convictions in the United States District Court, Central District
of California. Contrary to appellant's argument, we find no discrepancy between the affidavit and
the attached judgments. The affidavit does not state that the judgments are from a California state
court. Point of error one is overruled.

 In point of error two, appellant contends that Kentucky did not diligently seek his
return and thereby waived its jurisdiction. Appellant was released on parole in 1980. Appellant
testified that Kentucky authorities were informed of his federal convictions in 1981, but did not
place a detainer on appellant until sixty hours before his scheduled release from federal prison. 
Appellant asserts that by its inaction, Kentucky forfeited its right to revoke his parole. 

 Once the governor of the asylum state has granted extradition, a court considering
release on habeas corpus can do no more than decide whether the extradition documents on their
face are in order, whether the petitioner has been charged with a crime in the demanding state,
whether the petitioner is the person named in the request for extradition, and whether the
petitioner is a fugitive. Michigan v. Doran, 439 U.S. 282, 288-89 (1978); Wray v. State, 624
S.W.2d 573 (Tex. Crim. App. 1981). The effect, if any, of Kentucky's failure to lodge a detainer
sooner than it did is not a proper subject for consideration in this cause. Upon his return to
Kentucky, appellant may advance his contention in an appropriate forum. Point of error two is
overruled.

 The order of the district court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: August 11, 1993

[Do Not Publish]